Judge Owsley
delivered the opinion of the court.
This action was brought in the court below to recover damages for the failure of the appellant to make to the ap-pell§e, according to his covenant, a good and lawful title of *356 ⅛ right to a negro woman Ama, aud one half of her eliil - dren.
In the "ea erai where an act ⅛ to demand, the crueñon oi damages of the property at the mand.0i
But if the broken ⅞* covenant 'by selling the property to tefdr>1Veide’ mand s made the criterion of the property when the covenant the sale of the property.
Hardin tor appellant,
The rnain question presented for the decision of this court , involves an enquiry into the amount of damages which the appellee should have recovered.
Assuming the covenant not to have been broken until- the slaves were demanded by the appellee, we should have no t|0jjbt that the circuit court correctly instructed the jury, that the value at that time, formed the criterion lor estimating the damages.
But as by the declaration the appellant is alledged to have sold part of the slayes, and the evidence clearly shews to have doije sq before the demand was made, in legal contemplation the covenant must have been broken by the sale, and not upon the demand; and as upon the sale the appellee might have immediately maintained his action, the value át that time should form the criterion by which the jury ought ts have estimated the damages, and the court consequently erred in not so instructing them.
The judgment must therefore be reversed with cost, the cause remanded, and further proceedings had, not inconsistent with this opinion.'